IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARY FEEZOR,                          )
                                      )      2:09-cv-03322-GEB-CMK
            Plaintiff,                )
                                      )      STATUS (PRETRIAL
      v.                              )      SCHEDULING) ORDER
                                      )
IL HO SIN dba FACTORY OUTLET SHELL;)
HYUN JA SIN dba FACTORY OUTLET        )
SHELL,                                )
                                      )
            Defendants.               )
_____)

          The status (pretrial scheduling) conference scheduled for
March 29, 2010, is vacated since the parties indicate in the Joint
Status Report that the following Order should issue.

          SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

          No further service, joinder of parties or amendments to
pleadings is permitted, except with leave of Court, good cause having
been shown.

                              DISCOVERY

          All discovery shall be completed by December 21, 2011.  In
this context, "completed" means that all discovery shall have been
conducted so that all depositions have been taken and any disputes
relative to discovery shall have been resolved by appropriate orders,
if necessary, and, where discovery has been ordered, the order has

1

been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(c)(i)'s initial expert witness disclosure requirements on or before July 21, 2011, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(c)(ii) on or before August 22, 2011.

<u>MOTION HEARING SCHEDULE</u>

The last hearing date for motions shall be February 21, 2012, at 9:00 a.m.[2]

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.  A motion in limine addresses the admissibility of evidence.

<u>FINAL PRETRIAL CONFERENCE</u>

The final pretrial conference is set for April 30, 2012, at 1:30 p.m.  The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference.  In addition, all persons representing themselves and appearing in <u>propria persona</u> must attend the pretrial conference.

The parties are warned that <u>non-trial worthy issues could be eliminated <em>sua sponte</em></u> "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle

---

[1]   The Magistrate Judges in the Eastern District are responsible for resolving discovery disputes.  <u>See</u> Local Rule 302(c)(1).  A party conducting discovery near the discovery "completion" date risks losing the opportunity to have a judge resolve a discovery dispute concerning that discovery.

[2]   This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

one of the parties to judgment as a matter of law." <u>Portsmouth Square</u>
<u>v. S'holders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a <u>JOINT</u> pretrial statement no later
than seven (7) calendar days prior to the final pretrial conference.[3]
The parties shall include in the joint pretrial statement: (1) a list
of the remaining claims against each defendant; (2) a list of the
remaining affirmative defenses; and (3) the estimated number of trial
days.[4]  Further, in accordance with Local Rule 281(b)(3)-(4), the
parties shall provide the undisputed facts they agree can be read to
the jury before opening statements, or used by the judge in deciding a
bench trial; and a concise statement of disputed factual issues
pertinent to the claims and affirmative defenses to be tried.

The Court uses the parties' joint pretrial statement to
prepare its final pretrial order and could issue the final pretrial
order without holding the scheduled final pretrial conference.  <u>See</u>
<u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no
requirement that the court hold a pretrial conference.").

<u>If possible, at the time of filing the joint pretrial</u>
<u>statement counsel shall also email it in a format compatible with</u>
<u>WordPerfect to: geborders@caed.uscourts.gov.</u>

---

[3]     The failure of one or more of the parties to participate in
the preparation of any joint document required to be filed in this case
does not excuse the other parties from their obligation to timely file
the document in accordance with this Order.  In the event a party fails
to participate as ordered, the party or parties timely submitting the
document shall include a declaration explaining why they were unable to
obtain the cooperation of the other party.

[4]     **The joint pretrial statement shall also state how much time
each party desires for voir dire, opening statements, and closing
arguments.**

1

<u>TRIAL SETTING</u>

2        Trial shall commence at 9:00 a.m. on July 31, 2012.

3

<u>MISCELLANEOUS</u>

4        The parties are reminded that pursuant to Federal Rule of

5  Civil Procedure 16(b), the Status (Pretrial Scheduling) Order **shall**

6  **not be modified except by leave of Court upon a showing of good cause.**

7  **Counsel are cautioned that a mere stipulation by itself to change**

8  **dates does not constitute good cause.**

9        IT IS SO ORDERED.

10 Dated:  March 24, 2010

11

12

_____
GARLAND E. BURRELL, JR.

13 United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28